# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MICHAEL MURPHY

VERSUS

BOSTON SCIENTIFIC CORPORATION

CIVIL ACTION

NO. 18-31-JWD-EWD

# RULING AND ORDER

This matter comes before the Court on the *Plaintiff, Michael Murphy's, Objection to Report and Recommendation of the Magistrate Judge* (Doc. 32), filed in response to the Magistrate Judge's *Report and Recommendation* (Doc. 30) ("*Recommendation*"). Defendant Boston Scientific Corporation opposes the objection (Doc. 35). Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule.

For the following reasons, the Plaintiff's objection is overruled in part and sustained in part. Preliminarily, the Court finds that a motion to amend involving a potentially futile amendment is a dispositive matter. (*See Recommendation,* Doc. 30 at 2 n. 3 (citing *HCC, Inc. v. R H & M Mach. Co.*, 39 F. Supp. 2d 317, 321 (S.D.N.Y. 1999)).) Accordingly, this Court conducts a *de novo* review of the *Recommendation*. Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The Court agrees with the *Recommendation* that Plaintiff's proposed amended complaint fails to adequately allege a non-preempted parallel claim. (Doc. 30 at 11–15.) Plaintiff's objection to this part of the ruling is thus overruled, and the *Recommendation* is affirmed on this ground.

However, with respect to the *Recommendation*'s denial of another opportunity to amend the operative complaint, this Court will sustain the objection. The Court does so on two main grounds.

First, while the Plaintiff previously amended his complaint in response to a prior motion to dismiss (*See* Docs. 10, 18, 26), Plaintiff had no prior opportunity to amend in response to a ruling by this Court on the sufficiency of Plaintiff's claims. The Court believes that affording Plaintiff one final opportunity to amend is the most appropriate course of action under these circumstances. *See Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1955) ("[A] court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted."); 5B Charles A. Wright, Arthur R. Miller, *et al.*, *Federal Practice & Procedure* § 1357 (3d ed. 2016) ("Thus, the cases make it clear that leave to amend the complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim. . . . A wise judicial practice (and one that is commonly followed) would be to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the district court will be able to determine conclusively on the face of a defective pleading whether the plaintiff actually can state a claim for relief."); *JMCB, LLC v. Bd. of Commerce & Indus.,* No. 17-77, 2018 WL 4039183, at *18 (M.D. La. Aug. 23, 2018) ("While Plaintiff previously amended its complaint, it did not do so in response to a ruling by this Court assessing the sufficiency of Plaintiff's claims. Thus, though [defendant] makes a compelling case for denying leave to amend, the Court will act in accordance with the 'wise judicial practice' and general rule and grant Plaintiff's request [to amend].").

This approach appears even more proper given the nature of Plaintiff's objection here. Specifically, for the first time in his objection, Plaintiff raises new arguments and authority, including an FDA letter sent to a company ultimately acquired by Defendant that advised of FDA violations. While Defendant makes a compelling argument why Plaintiff has still failed to state a claim, the Court finds that these contentions are better assessed following a new motion to dismiss. For this additional reason, Plaintiff will be given leave to amend.

Nevertheless, the Court advises Plaintiff of his obligations under Rule 11 of the Federal Rules of Civil Procedure. Plaintiff should have a good faith basis in law and fact for any claims he makes. Fed. R. Civ. P. 11(b)(2), (3). While the Court has no reason to doubt Plaintiff's adherence to this rule, the Court issues this reminder as a precaution.

Accordingly,

**IT IS ORDERED** that the Plaintiff's objection is **OVERRULED IN PART** and **SUSTAINED IN PART**. Plaintiff's objection is **SUSTAINED** in that Plaintiff shall have twenty-eight (28) days in which to amend the operative complaint to cure the deficiencies therein. Failure to do so will result in the dismissal of his claims with prejudice. In all other respect, Plaintiff's objection is **OVERRULED**, and the Court adopts the Magistrate Judge's *Report and Recommendation* (Doc. 30).

Signed in Baton Rouge, Louisiana, on November 19, 2018.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**